IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

---

RBIII, LP                                     ][
                                              ][
v.                                            ][        CIVIL ACTION NO. SA-09-CV-0119-XR
                                              ][
CITY OF SAN ANTONIO, *ET ALIA*                ][

---

RBIII, LP'S AMENDED PROPOSED JURY INSTRUCTIONS AND VERDICT FORM (CIRCA MARCH 3RD, 2011)

---

**Proposed Jury Instructions**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. [Do not decide who you think should win and then answer the questions accordingly.] Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your

unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

### Proposed Verdict Form

1)      Do you find the City of San Antonio acted unreasonably in demolishing the property owned by RBIII, LP unreasonable based on the lack of exigent circumstances?

Answer "Yes" or "No":

Answer:_____

2)      Do you find that RBIII, LP was provided with prior notice of the demolition?

Answer "Yes" or "No":

Answer:_____

3)      Do you find that if notice was given was is such notice reasonably calculated to apprise RBIII, LP of the planned demolition and afford him an opportunity to repair the property?

Answer: "Yes" or "No".

Answer:_____

If you answered 'Yes" to questions 1, 2, or 3, then answer the following question. If you answered "no" to questions 1, 2, or 3, then do not answer the following question.

4)      What sum of money, if any, paid now in cash, would fairly and reasonably compensate RBIII, LP for its damages, if any, that resulted from the demolition of the structure on its property by the city of San Antonio?

Consider the following elements of damages, if any, and none other. Do not add any amount for interest on damages, if any. Answer separately in dollars and cents for damages, if any.

The difference, if any, between the market value of the property at 814 Nueces St. immediately before the structure was demolished, and the market value of the property at 814 S. Nueces St. immediately after the structure was demolished.

Answer in dollars and cents.

Answer:_____

_____
Foreperson

So say we all.

Dated: _____

Respectfully submitted,

Rutherford & Rutherford, PLLC

By:
S. Tyler Rutherford
[Pursuant to Tex. Bus. & Comm. Code §§ 322.002(8)
and 322.007 this document is electronically signed.]
Texas Bar No. 00797362
Rutherford & Rutherford, PLLC
923 South Alamo Ste. 2
San Antonio, Texas 78205
Tel. (210)225-4200
Fax. (210)225-4495
E-mail: rutherford.tyler@gmail.com
For Daniel Rutherford
SBN 00797362

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on March 4, 2011 a true and correct copy of the foregoing pleading was transmitted by electronic means through the Pacer system, to the following, unless indicated otherwise:

Ms. Savita Rai
Office of the City Attorney
111 Soledad St., 10th Floor
San Antonio, TX 78205


Mr. Mark Ralls
Gonzales Hoblit Ferguson LLP
300 Convent St., Ste. 1450
San Antonio, TX 78205

By:

S. Tyler Rutherford

[Pursuant to Tex. Bus. & Comm. Code §§ 322.002(8) and 322.007 this document is electronically signed.]

State Bar No. 00797362

For Daniel R. Rutherford