IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RBIII, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. SA-09-CV-119-XR |
| | § | |
| CITY OF SAN ANTONIO and | § | |
| REYES HERNANDEZ, Individually | § | |
| and in his official capacity as | § | |
| Supervisor of the Dangerous Premises | § | |
| Department of the City of San | § | |
| Antonio's Department of Code | § | |
| Compliance, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT, CITY OF SAN ANTONIO'S
## PROPOSED CHARGE AND VERDICT FORM

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.[1]

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments/You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.[2]

---

[1] Fifth Circuit Pattern Jury Instructions 3.1.

[2] Fifth Circuit Pattern Jury Instructions 3.1.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.[3]

You must answer all questions from a preponderance of the evidence unless otherwise instructed. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[4]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.[5]

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[6]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.[7]

---

[3] Fifth Circuit Pattern Jury Instructions 3.1.

[4] Fifth Circuit Pattern Jury Instructions 3.1.

[5] Fifth Circuit Pattern Jury Instructions 3.1.

[6] Fifth Circuit Pattern Jury Instructions 3.1.

[7] Fifth Circuit Pattern Jury Instructions 3.1.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.[8]

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence of nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[9]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.[10]

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.[11]

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.[12]

---

[8] Fifth Circuit Pattern Jury Instructions 3.1.

[9] Fifth Circuit Pattern Jury Instructions 3.1.

[10] Fifth Circuit Pattern Jury Instructions 3.1.

[11] Fifth Circuit Pattern Jury Instructions 3.1.

[12] Fifth Circuit Pattern Jury Instructions 3.1.

3

# SPECIAL INSTRUCTIONS

I will now give you some general instructions about the law that applies to this particular case. This case arises out of the City of San Antonio's demolition of a structure owned by RBIII, L.P. on January 10, 2008, after the City determined that the structure posed a "clear and imminent threat to life, safety, and/or property necessitating an immediate demolition." The Court has determined that the City of San Antonio was correct in that assessment. Following the demolition, RBIII, L.P. filed suit seeking money damages

**RBIII, L.P.'s Claims and the City of San Antonio's Defenses**

Plaintiff claims that the defendant, while acting "under color of state law," intentionally deprived the plaintiff of rights under the Constitution of the United States. The City of San Antonio denies that it acted wrongfully in demolishing the Plaintiff's structure upon a determination that the structure posed a "clear and imminent threat the life, safety, and/or property necessitating an immediate demolition."

The constitutional rights that the plaintiff claims the Defendant violated are these:

1. The right not to be deprived of property without due process of law; and

2. The right not to be subjected to an unreasonable seizure of property.

A person may sue for an award of money damages under 42 U.S.C. § 1983 against a municipality that intentionally violates his rights under the Constitution of the United States. The plaintiff claims that the City of San Antonio, a municipality, is liable for the alleged deprivations. For a valid claim of municipal liability under § 1983, the municipality itself must be the wrongdoer rather than one of its employees.[13] A city is liable for the deprivation of a constitutional right if the deprivation was pursuant to a governmental custom, policy, ordinance, regulation or decision. Therefore, if you find that the plaintiff was injured as the proximate or legal result of the City of San Antonio's policy, custom, ordinance, regulation or decision, whether made by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, the city itself will be responsible.[14]

---

[13] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).

[14] Fifth Circuit Pattern Jury Instructions 10.3, as applicable.

4

Thus, in order for the City of San Antonio to be liable, the plaintiff must prove the existence of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom.[15]

The governing body of a municipality is a policymaking entity whose actions represent a decision by the government itself. The same is true of an official or body to whom the governing body has given final policymaking authority. The actions of that official or body represent a decision by the government itself. Thus, when a governing body or policymaking official makes a deliberate choice to follow a course of action, that choice represents an official policy. Through such a policy, the governing body or the policymaking official may cause a violation of a federal right by directing that the violation occur, authorizing the violation, or agreeing to a subordinate's decision to engage in the violation.[16]

An official policy is defined as:

A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.[17]

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements it is required to prove, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.[18]

As previously explained, RBIII, L.P. has the burden to prove that the act[s] of the City of San Antonio deprived it of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived it of rights under the Fourth and

---

[15] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[16] Third Circuit Pattern Jury Instructions 4.6.5.

[17] *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.) (per curiam), *aff'd in relevant part on reh'g*, 739 F.2d 993 (5th Cir. 1984) (en banc).

[18] Fifth Circuit Pattern Jury Instructions 10.1, as applicable.

the Fourteenth Amendment to the Constitution when the City of San Antonio demolished its structure at 814 South Nueces, San Antonio, Texas upon determining that it posed a "clear and imminent threat to life, safety, and/or property necessitating an immediate demolition" without giving RBIII, L.P. pre-demolition notice.

Under the Fourteenth Amendment, a person has the right to procedural due process, which generally requires a pre-deprivation hearing before property rights can be terminated. The City of San Antonio argues that it gave the requisite notice by attempting to contact the property owner of record prior to the demolition. Due process does not require that property owners receive actual notice prior to demolition.[19] Instead, what is requires is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them opportunity to present their objections.[20] Notice is constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent.[21]

However, either the necessity of quick action or the impracticality of providing any meaningful predeprivation notice, coupled with the availability of some meaningful means to assess the propriety of the deprivation thereafter, can satisfy the requirements of due process.[22] The City of San Antonio argues that the condition of the structure presented an imminent danger to public safety, which the district court has found, and that quick action was required, eliminating the need for pre-deprivation notice.

The Plaintiff points out that post-deprivation notice can be adequate to satisfy the procedural due process requirements if the state's interest is of an unquestionably strong nature, so much so that the pre-deprivation notice would not insufficiently protect those countervailing interests. *Fanning v. Montgomery County Children and Youth Services*, 702 F.Supp. 1184, 1189 (E.D.Pa.1988) (citing *Mackey v. Montrym*, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979)).

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his property. In order to prove the City of San Antonio deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  The City of San Antonio seized the plaintiff's property;

---

[19] *Jones v. Flowers*, 547 U.S. 220 (2006).

[20] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[21] *Jones*, 547 U.S. 220.

[22] *Parratt v. Taylor*, 451 U.S. 527, 539 (1981).

6

2.  in seizing the plaintiff's property, the City, through its employees, acted intentionally; and

3.  the seizure was unreasonable.

A person "seizes" the property of the plaintiff when the person takes possession of or controls the property in a manner that meaningfully interferes with the plaintiff's right to possess the property.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to engage in the acts that caused a seizure of the plaintiff's property. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently.[23]

Assessing the reasonableness of the seizure involves a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake.[24] It entails weighing a number of factors, including the danger posed by a building to public safety.[25] As with its due process claim, RBIII, L.P. argues that the demolition was unreasonable because the City did not provide notice prior to demolition. Here, the City of San Antonio argues that immediate demolition of plaintiff's property was necessary and reasonable due to the condition of the structure, which posed a clear and imminent threat to life, safety, and/or property.[26] Another test for reasonableness is a City's adherence to its own ordinances and procedures. Here, the City of San Antonio also argues that the demolition occurred in adherence to its ordinances and procedures and was, therefore, reasonable.[27]

---

[23] Ninth Circuit Pattern Jury Instructions 9.16.

[24] *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 411 (5th Cir. 2009).

[25] *Manganaro v. Reap*, 29 Fed. Appx. 859, 861, 2002 WL 229592, *1 (3d Cir. 2002).

[26] *Parratt v. Taylor*, 451 U.S. 527, 539 (1981) ("It has long been recognized, however, that authorized agents may proceed without providing pre-deprivation hearings when an emergency situation necessitates quick action or makes it impracticable to provide a meaningful hearing"); *see also Freeman v. City of Dallas*, 242 F.3d 642, 655 (5th Cir. 2001) (no Fourth Amendment violation for actions in an emergency situation).

[27] *Freeman v. City of Dallas*, 242 F.3d 642, 652-55 (5th Cir. 2001) ("The ultimate test of reasonableness is fulfilled in this case by the City's adherence to its ordinances and procedures as a prelude to ordering the landowners to abate their nuisance structures").

**Damages**

RBIII, L.P. contends that it has been damaged as a result of the City of San Antonio's actions and/or inactions. Plaintiff alleged economic damage as a result of Defendant's actions.

If RBIII, L.P. has proven its claims against the City of San Antonio by a preponderance of the evidence, you must determine the damages to which RBIII, L.P. is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover from the defendant.[28]

These damages at issue are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole -- that is, to compensate RBIII, L.P. for the damages that it has actually suffered. You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. If you decide to award compensatory damages, you should be guided by dispassionate common sense. You must you sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.[29]

Attached to these Jury Instructions is a Verdict Form that contains four questions. Included with most of the questions that you are to answer are a set of instructions for each specific question. You must consider the instructions that are provided for each such question. Bear in mind, members of the jury, that you may or may not ultimately answer each question. Carefully follow the instructions on the Verdict Form to determine which questions you must answer.

You should consider the following element of damage, to the extent you find it proved by a preponderance of the evidence: any damage to the plaintiff's real property. The measure of that damage is the difference between the fair market value of the

---

[28] Fifth Circuit Pattern Jury Instructions 15.1.

[29] Fifth Circuit Pattern Jury Instructions 15.2, as applicable.

8

property immediately before its demolition and the fair market value immediately after its demolition.[30]

"Market value" is the price a willing purchaser, who desires to buy but is not obligated to buy, would pay to a willing seller, who desires to sell but is not obligated to sell.[31]

## DELIBERATIONS

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.[32]

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.[33]

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.[34]

---

[30] Fifth Circuit Pattern Jury Instructions 15.10, as applicable.
[31] *LaSalle Pipeline L.P. v. Donnell Lands, L.P.*, ___ S.W.3d ___, 2010 WL 5100763, *6 (Tex. App -- San Antonio, Dec. 15, 2010, no pet. h.).

[32] Fifth Circuit Pattern Jury Instructions 2.11.

[33] Fifth Circuit Pattern Jury Instructions 3.1.

[34] Fifth Circuit Pattern Jury Instructions 3.1.

9

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.[35]

---

[35] Fifth Circuit Pattern Jury Instructions 3.1.

# VERDICT FORM

## OFFICIAL POLICY

QUESTION NO. ___:

Did the City of San Antonio have an official policy established by a policymaker that was the moving force behind the demolition of the structure on RBIII, L.P.'s property absent pre-demolition notice?

Answer "Yes" or "No."

ANSWER: _____

## PROCEDURAL DUE PROCESS

If your answer is "Yes" to Question No. ___ [*official policy*], then answer the following questions. Otherwise, do not answer the following questions.

**QUESTION NO. ___:**

    Did the City of San Antonio intentionally commit acts that violated RBIII, L.P.'s federal constitutional right to be afforded constitutionally sufficient process, such that the process afforded to RBIII, L.P. by the City of San Antonio was constitutionally deficient?

Answer "Yes" or "No."

ANSWER: _____

**QUESTION NO. ___:**

    Were the City of San Antonio's acts the proximate or legal cause of damages sustained by RBIII, L.P.?

Answer "Yes" or "No."

ANSWER: _____

## UNREASONABLE SEIZURE

**QUESTION NO. ____:**

Did the City of San Antonio intentionally commit acts that violated RBIII, L.P.'s federal constitutional right not to be subject to an unreasonable seizure of its property, such that the City of San Antonio acted unreasonably in demolishing the structure on RBIII, L.P.'s property absent pre-demolition notice?

Answer "Yes" or "No."

ANSWER: _____

**QUESTION NO. ____:**

Were the City of San Antonio's acts the proximate or legal cause of damages sustained by RBIII, L.P.?

Answer "Yes" or "No."

ANSWER: _____

## DAMAGES

If your answer is "Yes" to Questions No. ____ [*liability and causation*], then answer Question No. ____. Otherwise, do not answer Question No. ____.

## QUESTION NO. ____:

What sum of money, if any, paid now in cash, should be awarded to RBIII, L.P. to fairly and reasonably compensate it for its damages, if any, that resulted from the constitutional violation(s) you found above?

Answer in dollars and cents, if any.

ANSWER:_____